# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LORLIE INVESTMENT GROUP CORP., a Florida Corporation; YOKI FASHION INTERNATIONAL LLC, a New York Limited Liability Company; and DOES 1-10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.: 2:20-cv-07566-JFW-JEMx<br><br>**ORDER GRANTING STIPULATION TO ENTRY OF PERMANENT INJUNCTION AND DISMISSAL OF ACTION AGAINST DEFENDANT LORLIE WITH PREJUDICE**<br><br>**Hon. John F. Walter** |

Upon consideration and having found good cause therein, the Court hereby GRANTS Plaintiff **Deckers Outdoor Corporation** ("Plaintiff" or "Deckers") and Defendant **Lorlie Investment Group Corp.'s** ("Defendant Lorlie") Stipulation to Entry of a Permanent Injunction against Defendant Lorlie and Dismissal of this Action *with prejudice* against Defendant Lorlie—and only Defendant Lorlie—as follows:

　　WHEREAS, on August 20, 2020, Deckers filed its initial Complaint against Defendant Lorlie (Dkt. No. 1), then on August 25, 2020, its First Amended Complaint (the "FAC") in the Civil Action (Dkt. No. 10);

WHEREAS, as set forth in the FAC, Deckers is the owner of U.S. Design Patent No. D866,941 ("the '941 Patent") and the "Fluff Yeah Trade Dress," an inherently distinctive visual design comprising of the non-functional elements identified at ¶ 22 of the FAC, examples of the overall appearance of which are pictured at ¶ 23 of the FAC and reproduced below for reference:

  

WHEREAS, the FAC asserts causes of action against Defendant Lorlie for infringement of Deckers' Fluff Yeah Trade Dress and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, patent infringement of the '941 Patent, as well as similar claims under the statutory and common law of California corresponding to its federal claims—all allegedly arising from Defendant Lorlie's offering for sale and sale of certain footwear products identified as YOKI brand "Snuggles-05" Sandals (the "Accused Products"), an example of which is pictured at ¶ 18 of the FAC and reproduced below for reference:



WHEREAS, Plaintiff and Defendant Lorlie (together, the "Parties") have entered into a written Settlement Agreement that fully resolves all claims in this Action asserted against Defendant Lorlie;

WHEREAS, pursuant to the Settlement Agreement, Defendant Lorlie has agreed to, and the Parties stipulated to Entry of a Permanent Injunction and Dismissal of this Action as to Defendant Lorlie with prejudice under the following conditions;

THEREFORE, it is **HEREBY ORDERED** that:

1. The Court has personal jurisdiction over Defendant Lorlie and subject matter jurisdiction over this Action at least pursuant to 15 U.S.C. § 1121.

2. Entry of this Permanent Injunction and any related Order(s) that follow the Parties' Stipulation to Entry of a Permanent Injunction, shall serve to bind and obligate each of the Parties hereto.

3. Defendant Lorlie, including its employees, servants, successors and assigns, are permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling the Accused Products identified as YOKI brand "Snuggles-05" Sandals, an example of which is pictured at ¶ 18 of the FAC and reproduced above.

4. Defendant Lorlie, including its employees, servants, successors and assigns, are permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling any product that infringes upon U.S. Design Patent No. D866,941.

5. Defendant Lorlie, including its employees, servants, successors and assigns, are permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling any product that bears or uses Deckers' Fluff Yeah Trade Dress.

6. The Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the enforcement, construction, or modification of the Parties' Stipulated Permanent Injunction, as well as the Parties' written Agreement.

7. Plaintiff and Defendant Lorlie shall each bear its own attorneys' fees and costs associated with the Action and the written Settlement Agreement, with neither one deemed as a prevailing party for any purposes.

8. Upon entry of this Stipulated Permanent Injunction, all claims alleged in this Action as to Defendant Lorlie are hereby dismissed **with prejudice**. Dismissal of this Action as to Defendant Lorlie, however, shall not have any preclusive effect on any other parties, including Plaintiff's claims asserted in this Action against Defendant Yoki Fashion International LLC, which are still pending, and Plaintiff expressly reserves the right to pursue all claims against such parties.

**IT IS SO ORDERED.**

Dated: October 14, 2020    By: _____
**Hon. John F. Walter
United States District Court Judge**