UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LORLIE INVESTMENT GROUP CORP., a Florida Corporation; YOKI FASHION INTERNATIONAL LLC, a New York Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-07566-FLA (JEMx)<br><br>**ORDER GRANTING STIPULATION TO ENTRY OF PERMANENT INJUNCTION AND DISMISSAL OF ACTION AGAINST DEFENDANT YOKI WITH PREJUDICE [DKT. 48]** |

Upon consideration and having found good cause therein, the court hereby GRANTS Plaintiff Deckers Outdoor Corporation ("Plaintiff" or "Deckers") and Defendant Yoki Fashion International, LLC's ("Defendant" or "Yoki") Stipulation to Entry of a Permanent Injunction against Defendant Yoki and Dismissal of This Action with Prejudice against Defendant Yoki (the "Stipulation") as follows:

WHEREAS, on August 20, 2020, Deckers filed its initial Complaint in this action (Dkt. 1), then, on August 25, 2020, filed its First Amended Complaint (the "FAC") against Yoki in the action (Dkt. 10);

WHEREAS, as set forth in the FAC, Deckers is the owner of U.S. Design Patent No. D866,941 ("the '941 Patent") and the "Fluff Yeah Trade Dress," which Deckers contends is an inherently distinctive visual design comprising of the non-functional elements identified at ¶ 22 of the FAC, examples of the overall appearance of which are pictured at ¶ 23 of the FAC and reproduced below for reference:

  

WHEREAS, Deckers is the owner of U.S. Design Patent No. D901,870 ("the '870 Patent") and the "Oh Yeah Trade Dress," which Deckers contends is an inherently distinctive visual design comprising non-functional elements, examples of the overall appearance of which are reproduced below for reference:

  

WHEREAS, Deckers is the owner of U.S. Design Patent No. D901,869 ("the '869 Patent") and the "Fuzz Yeah Trade Dress," which Deckers contends is an inherently distinctive visual design comprising non-functional elements, examples of the overall appearance of which are reproduced below for reference:

/ / /

/ / /

/ / /

WHEREAS, both the '869 Patent and the '870 Patent issued on November 17, 2020;

WHEREAS, Deckers' FAC asserts causes of action against Yoki for infringement of Deckers' Fluff Yeah Trade Dress and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, patent infringement of the '941 Patent, as well as related claims under the statutory and common law of California, all allegedly arising from Yoki's offering for sale and sale of certain footwear products identified as YOKI brand "Snuggles-05" Sandals, an example of which is pictured in ¶ 18 and reproduced below for reference:



WHEREAS, on May 17, 2021, Deckers accused Yoki of infringing Deckers' Fluff Yeah Trade Dress and the '941 Patent based on Yoki's offering for sale and sale of certain footwear products identified as YOKI brand "Snuggles-07" Sandals reproduced below for reference:

/ / /
/ / /



WHEREAS, on May 17, 2021, Deckers accused Yoki of infringing Deckers' Oh Yeah Trade Dress and the '870 Patent based on Yoki's offering for sale and sale of certain footwear products identified as YOKI brand "Snuggles-02" reproduced below for reference:



WHEREAS, on May 17, 2021, Deckers accused Yoki of infringing Deckers' Fuzz Yeah Trade Dress and the '869 Patent based on Yoki's offering for sale and sale of certain footwear products identified as YOKI brand "Snuggles-17" reproduced below for reference:



WHEREAS, Plaintiff and Defendant (together, the "Parties") have entered into a written Settlement Agreement that fully resolves all claims in this action asserted against Defendant;

WHEREAS, pursuant to the Settlement Agreement, Defendant has agreed to, and the Parties have stipulated to, Entry of a Permanent Injunction and Dismissal of this action under the following conditions;

THEREFORE, it is HEREBY ORDERED that:

1. The court has personal jurisdiction over Defendant and subject matter jurisdiction over this action at least pursuant to 15 U.S.C. § 1121.

2. Entry of this Permanent Injunction and any related Order(s) that follow the Parties' Stipulation to Entry of a Permanent Injunction, shall serve to bind and obligate each of the Parties hereto.

3. Defendant, including its employees, servants, successors and assigns, is permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling the Accused Products identified as YOKI brand "Snuggles-05" Sandals, "Snuggles-07" Sandals, "Snuggles-02" Sandals, and Snuggles-17" Sandals, reproduced above.

4. Defendant, including its employees, servants, successors, and assigns, is permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling any product that infringes upon U.S. Design Patent No. D866,941, U.S. Design Patent No. D901,870, and U.S. Design Patent No. D901,869.

5. Defendant, including its employees, servants, successors and assigns, is permanently enjoined from manufacturing, importing into the U.S., advertising, marketing, offering for sale, or selling any product that bears or uses Deckers' Fluff Yeah Trade Dress, Oh Yeah Trade Dress, and Fuzz Yeah Trade Dress.

6. The court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the enforcement, construction, or modification of the

Permanent Injunction entered by this Stipulation, as well as the Parties' written Settlement Agreement.

7. Each Party shall bear its own attorneys' fees and costs associated with the action and Settlement Agreement, with no Party deemed as a prevailing party for any purposes.

8. Upon entry of the Stipulated Permanent Injunction, all claims alleged against Defendant Yoki in this action are hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: November 22, 2021

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge